UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LUIS EVENCIO MENDOZA-PACHECO,<br>Petitioner,<br>v.<br>BRUCE SCOTT, Warden of Northwest ICE Processing Center, in his official capacity as well as his successors and assigns; *et al*.,<br>Respondents, | No. 2:26-CV-03622-SAB<br><br>**ORDER DENYING EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER** |

Before the Court is Petitioner's Emergency Motion for Temporary Restraining Order, ECF No. 2. Petitioner is represented by Tamara C. Murray. Respondents have not filed a notice of appearance.

Petitioner requests the Court grant injunctive relief in the form of ordering his immediate release from custody.

Preliminary injunctions and temporary restraining orders are extraordinary and drastic remedies that "should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). The purpose of a temporary restraining order is to preserve the status quo before a hearing on the merits can be held. *Granny Goode Foods, Inc. v. Bhd. Of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974). To successfully move for a temporary restraining order, the moving party must establish: (1) the

likelihood that the movant will succeed on the merits, (2) the movant is likely to suffer irreparable harm in the absence of injunctive relief, (3) the balance of equities tips in the movant's favor, and (4) the injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24-25 (2008).

Petitioner frames his requested relief as a "prohibitory injunction." Prohibitory injunctions are utilized by courts to maintain the status quo and prevent a party from taking a certain action before a hearing on the merits can be held. *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994). Here, Petitioner requests the Court order his immediate release from custody, an affirmative act that changes the status quo. Accordingly, he requests a "mandatory injunction," which are particularly disfavored. *Anderson v. U.S.*, 612 F.2d 1112, 1114 (9th Cir. 1979).

Regardless of the merits of Petitioner's Habeas Petition, the Court declines to grant the requested injunction before Respondents have an opportunity to be heard and the Court has the opportunity to consider all relevant facts and arguments.

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner's Emergency Motion for Temporary Restraining Order, ECF No. 2, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 28th day of September 2026.

Stanley A. Bastian
United States District Judge