IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

LUIS EVENCIO MENDOZA-PACHECO,
Petitioner,
v.
BRUCE SCOTT, Warden of Northwest ICE Processing Center, in his official capacity as well as his successors and assigns; *et al.*,
Respondents.

No. 2:26-CV-03622-SAB

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1. Petitioner is represented by Tamara C. Murray. Respondents are represented by Jennifer Wong.

Petitioner is a native and citizen of Venezuela who entered the United States without inspection on November 8, 2021. He asserts that he was briefly detained upon entry and was released on his own recognizance pursuant to 8 U.S.C. § 1226. Petitioner sought protection through an Application for Asylum and Withholding of Removal, and an Immigration Judge (IJ) terminated his removal proceedings without prejudice on August 6, 2024. He asserts that, in the time since his release,

he has lived his life in the United States without incident.

On May 20, 2026, Petitioner was arrested and detained by ICE while on his way home from work. He asserts that he was not provided with pre-deprivation notice or an opportunity to be heard. On July 9, 2026, an IJ denied Petitioner release on bond due to an apparent lack of jurisdiction.

This is Petitioner's second habeas petition. In the first case, Magistrate Judge Kate Vaughan granted Petitioner's Petition in part and ordered Respondents to conduct a constitutionally compliant bond hearing. On August 18, 2026, an IJ concluded that Petitioner is ineligible for bond because he "has not established that he is not a flight risk." Petitioner asserts that the IJ failed to cite any fact, piece of evidence, or legal argument in support of this. Petitioner then filed a Motion to Enforce in the prior habeas case, and Magistrate Judge Vaughan struck the Motion, instructing Petitioner to file a new habeas petition.

Petitioner now challenges the basis for his detention and the constitutionality of his bond hearing, requesting the Court order his immediate release from custody.

Respondents oppose the Petition, asserting that: (1) Petitioner is lawfully detained under 8 U.S.C. § 1226(a); (2) Petitioner's challenge to the legality of his detention is barred by the abuse of writ doctrine; (3) Petitioner failed to exhaust his administrative remedies; and (4) Petitioner's bond hearing comported with due process.

As a preliminary matter, exhaustion of administrative remedies is not a jurisdictional prerequisite for habeas petitions. *Castro-Cortez v. I.N.S.*, 239 F.3d 1037, 1047 (9th Cir. 2001). However, some courts require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before pursuing habeas relief. *Id*. In evaluating whether to require administrative exhaustion prior to seeking review by an Article III court, a court must consider: (1) whether agency expertise makes agency consideration necessary to generate a

proper record and reach a proper decision; (2) whether relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) whether administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). Exceptions to this exhaustion requirement include "situations… where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *S.E.C. v. G.C. George Sec., Inc.*, 637 F.2d 685, 688 n.4 (9th Cir. 1981). The exhaustion requirement is also waived when a petitioner challenges issues other than the BIA's ruling on removability. *Laing v. Ashcroft*, 370 F.3d 994, 1001 (9th Cir. 2004).

Exhaustion of administrative remedies is not required here. Petitioner is asking the Court to resolve constitutional questions regarding whether his underlying re-detention and subsequent bond hearing comported with due process, which BIA is incapable of resolving.

Turning to Respondents' abuse of writ argument, the abuse of the writ doctrine "generally forbids the reconsideration of claims that were or could have been raised in a prior habeas petition." *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011). Petitioner's previous Habeas Petition was more limited in scope than the instant Petition. In his first Petition, Petitioner sought an order directing Respondents to conduct a bond hearing – in direct response to an IJ's denial of bond due to an apparent lack of jurisdiction. In the Order granting Petitioner's previous Habeas Petition, Magistrate Judge Vaughan specifically noted in a footnote that "Petitioner does not bring a re-detention claim." Accordingly, the prior Petition and related Order did not specifically address whether Petitioner's re-detention complied with due process, and Petitioner's requested relief in the instant Petition does not constitute an abuse of writ.

//

Respondents do not dispute that Petitioner is detained pursuant to 8 U.S.C. § 1226(a). When determining whether a petitioner held under § 1226(a) has received appropriate due process, courts in this District apply the three-factor *Mathews* test. *See e.g., Rana v. Bondi*, No. 2:26-CV-00244-TL, 2026 WL 472800, at *3 (W.D. Wash. Feb. 19, 2026). Those three factors are (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional or substitute procedural safeguards," and (3) the Government's interest. *Mathews v. Eldridge*, 424 U.S. 319, 334-35 (1976). When evaluating the third factor, Courts must analyze the governmental function involved, as well as the fiscal and administrative burdens that additional or substitute procedures would require. *Id*. at 335.

A finding in favor of an immigration petitioner under *Mathews* requires immediate release in order to restore the status quo. *See e.g., Rana*, 2026 WL 472800, at *4–5; *Lopez Camacho v. Ice Field Off. Dir.*, No. 2:26-CV 00925-RAJ, 2026 WL 1243459, at *8 (W.D. Wash. May 6, 2026); *K.G.M.Q. v. Bondi*, No. 2:26-CV-00506-TL, 2026 WL 962609, at *12 (W.D. Wash. Apr. 9, 2026); *Kirykovich v. Hernandez*, 2:26-CV-00695, 2026 WL 890459, at *4 (W.D. Wash. Apr. 1, 2026) ("Because the constitutional violation is the absence of pre deprivation process, the proper remedy is to restore the status quo ante—that is, to return [the petitioner] to the conditions that existed before his unlawful detention."). The status quo is "the last uncontested status which preceded the pending controversy." *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963) (citation omitted).

The *Mathews* factors weigh in favor of Petitioner. First, Petitioner has a protected liberty interest in remaining free from custody, especially since he was released into the community under an OREC in 2021. Second, the risk of deprivation of liberty is high: it does not appear that Respondents conducted a

hearing at the outset of Petitioner's re-detention to determine an individualized risk of flight or danger. Third, Respondents' interest in re-detaining Petitioner without a hearing is minimal: while holding a hearing would have cost time and money, those costs are outweighed by Petitioner's liberty interests.

As Petitioner's re-detention was the impetus for the pending controversy, the Court finds it appropriate to order his immediate release. *Tanner*, 316 F.2d at 809. Post deprivation procedures, such as a bond hearing conducted after a petitioner has already been detained for some length of time, cannot cure constitutional violations that occurred at the outset of detention. *E.A.T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. Aug. 19, 2025) ("[A] post deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."). As Petitioner is entitled to relief on his re-detention claim, the Court finds it unnecessary to consider the merits of his challenge to the August 18, 2026, bond hearing.

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**.

2. **Within one (1) day of the date of this Order, Respondents shall release Petitioner from immigration detention.** Within two (2) days of the date of this Order, Respondents shall file a certification that Petitioner has been released.

3. Respondents shall not re-detain Petitioner without providing pre-detention notice and affording Petitioner a hearing unless detention becomes statutorily mandated.

//

//

//

//

4. At any re-detention hearing, Respondents shall bear the burden to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 16th day of November 2026.

Stan Bastian

Stanley A. Bastian
United States District Judge